IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL DWYER McCULLOUGH, | § | |
| TDCJ-CID NO. 645881 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.H-05-3033 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS AS TIME-BARRED**

Pending[1] is Respondent's Motion to Dismiss as Time-Barred (Document No. 13), and Petitioner's Federal Application for Writ of Habeas Corpus and Brief in Support (Document No. 1). Having considered Respondent's motion, Petitioner's Response in opposition to the motion (Document No. 23), the state court records, and the applicable law, the Court ORDERS, for the reasons set forth below, that Respondent's Motion to Dismiss as Time-Barred is GRANTED, and this § 2254 proceeding is DISMISSED as time-barred under 28 U.S.C. § 2244(d).

---

[1] On January 20, 2006, upon the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 20.

I.      **Procedural History**

Michael Dwyer McCullough ("McCullough") is currently incarcerated in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"). On May 6, 1993, McCullough was charged by indictment in the 209th District Court of Harris County, Texas, Cause Nos. 619930 and 619929, respectively, with two counts of aggravated robbery and one count of aggravated sexual assault. McCullough was found guilty, and a jury assessed punishment at sixty years for each aggravated robbery offense and ninety-nine years for the aggravated sexual assault offense.

McCullough appealed his convictions to the Texas Court of Appeals for the Fourteenth District, which found no error in the trial court's judgments and, on February 17,1994, affirmed McCullough's convictions. On March 30, 1994, McCullough attempted to file a *pro se* petition for discretionary review, but the Texas Court of Criminal Appeals dismissed his petition as untimely filed.

On September 11, 2003, McCullough filed two state applications for writ of habeas corpus, one for each conviction, in which he alleged three grounds of error. The trial court entered findings of fact and recommended that McCullough's applications be denied. The Texas Court of Criminal Appeals denied the applications without written order on January 28, 2004. On May 5, 2005, McCullough filed two more state applications for writ of habeas corpus. The trial court entered findings of fact and recommended dismissal of both applications. On October 5, 2005, the Texas Court of Criminal Appeals dismissed both applications. McCullough then, on or about August 27, 2005, filed this federal application for writ of habeas corpus.

Respondent has filed a motion to dismiss this § 2254 proceeding on the basis that it is time-barred. (Document No. 13). Petitioner has filed a response in opposition. (Document No. 23).

## II. Claims

McCullough sets forth four claims in this § 2254 proceeding:

A: The trial court abused its discretion;

B: He received ineffective assistance of trial and appellate counsel;

C: His conviction was based on void or illegal DNA evidence; and

D: The jury did not make an affirmative finding regarding the allegations that he used a deadly weapon.

## III. Discussion

Respondent argues, in the Motion to Dismiss as Time-Barred, that McCullough's § 2254 application was not filed within the one-year limitation period. According to Respondent, under 28 U.S.C. § 2244(d), McCullough had one-year from April 24, 1996, the date the one-year statute of limitations for § 2254 applications was enacted, to file a timely § 2254 application.

Pursuant to the amendments enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254 applicants are subject to a one-year limitation period. 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of - -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Generally, the one-year limitation period starts to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the state court conviction became final on June 28, 1994. When, however, a § 2254 applicant challenges a state court conviction that was final prior to the effective date of the AEDPA amendments, the applicant has a one-year grace period from the effective date of AEDPA, until April 24, 1997, to file a timely § 2254 application. *See United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998) (holding that petitioners whose convictions were final prior to the effective date of the AEDPA, April 24, 1996, have one year from April 24, 1996, to timely file their applications). Because McCullough's convictions became final on or about June 28, 1994, prior to the enactment of the AEDPA, McCullough had, under *Flores*, one year from the date the AEDPA was enacted to file a timely § 2254 application. McCullough's § 2254 application, filed on August 27, 2005, is well beyond the one-year limitation period and the one-year grace period allowed for in *Flores*.

Moreover, because McCullough's state applications for writ of habeas corpus were all filed after the one-year limitation period of § 2244(d) had already expired, McCullough is not entitled to any tolling of the limitation period under § 2244(d)(2). According to 28 U.S.C. § 2244(d)(2), the time during which an application for State post-conviction with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Where, however, the state application for writ of habeas corpus "was not filed until *after* the period of limitation had expired,"

4

§ 2244(d)(2) has no applicability. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis original).[2]

In opposition to Respondent's Motion to Dismiss as Time-Barred (Document No. 13), McCullough argues that the limitation period should not run from the date in which the AEDPA was enacted. Instead, McCullough believes that the one-year limitation period should begin on October 5, 2005, the date the Texas Court of Criminal Appeals dismissed McCullough's later filed state applications for writ of habeas corpus. In addition, and in the alternative, McCullough argues that the limitation period should commence under 28 U.S.C. § 2244(d)(1)(D), on May 14, 2003, because he did not learn until May 14, 2003, that the DNA evidence used to convict him was faulty and erroneous. According to McCullough, when May 14, 2003, is used as the commencement date for the limitation period under § 2244(d)(1)(D), and the limitation period is tolled for the time during which his state applications for writ of habeas corpus were pending, this § 2254 proceeding was timely filed. Even if this § 2254 proceeding was not timely, McCullough argues that the principle of rare and exceptional circumstances should warrant the application of equitable tolling to his late-filed habeas corpus application. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).[3]

---

[2] The record in this case does not reflect that any unconstitutional state action impeded McCullough's ability to file his § 2254 application earlier, or that the claims concern any newly recognized constitutional right made by the United States Supreme Court. As a result, the one-year limitation period does not commence according to the date provided by 28 U.S.C. § 2244(d)(1)(B) or (C).

[3] In *Davis,* the district court dismissed Davis' habeas corpus application as time barred despite the court's previous orders which had granted Davis additional time to file his habeas corpus application. The Fifth Circuit considered that those seemingly inconsistent rulings by the district court constituted exceptional circumstances, which warranted the application of equitable tolling principles. *Davis*, 158 F.3d at 808, 811-12.

When May 14, 2003, is used as the commencement date for the one-year statute of limitations period, that being the date McCullough alleges he discovered his claims, McCullough's § 2254 application still can not be considered timely. Using May 14, 2003, as the date the one-year limitation period commenced, 121 days had run on the limitation period by the time McCullough filed his first state writ of habeas corpus on September 13, 2003. Then, the limitation period ran from January 28, 2004, the date McCullough's first state application for writ of habeas corpus was denied, to May 5, 2005, the date McCullough filed his second state writ of habeas corpus, a period of 461 days. Thus, by the time McCullough filed his second state writ of habeas corpus on May 5, 2005, the one-year limitation period under § 2244(d)(1)(D) had already expired. While rare and exceptional circumstances may warrant the application of equitable tolling principles to a late-filed habeas corpus application, because McCullough did not act diligently in filing this § 2254 proceeding, equitable tolling is not available. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Equitable tolling is available in limited circumstances to "preserve a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir.1995)), "[G]arden variety claims of excusable neglect" will not warrant the application of equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002); *see also Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (inadequacies in prison library and lack of notice of AEDPA amendments, and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999) (unfamiliarity with legal process, lack of representation, or illiteracy are not circumstances that warrant equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)

(time spent in psychiatric confinement on medication and without glasses did not warrant equitable tolling); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D. Tex. 1998) (petitioner's reliance on the assistance of a fellow inmate who was to have filed petitioner's § 2254 application but did not, was not a rare or exceptional circumstance which warranted equitable tolling). In addition, equitable tolling is not available if a habeas petitioner has not "diligently pursue[d] his § 2254 relief." *Coleman*, 184 F.3d at 403. The burden of proving rare and extraordinary circumstance in support of equitable tolling lies strictly with the petitioner. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

The Fifth Circuit has approved of equitable tolling in very limited circumstances, "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402). In *Davis*, the district court dismissed Davis' habeas corpus application as time-barred despite the court's previous orders which had granted Davis additional time to file his habeas corpus application. 158 F.3d at 808. The Fifth Circuit considered that those seemingly inconsistent rulings by the district court constituted exceptional circumstances which warranted the application of equitable tolling principles. *Id*. Somewhat similarly, in *United States v. Patterson*, 211 F.3d 927, 932 (5th Cir. 2000), the Fifth Circuit held rare and exceptional circumstances existed to warrant equitable tolling where the petitioner was under the mistaken impression that he had until April 30, 1998, to file a timely § 2255 motion to vacate, and where that mistaken impression was furthered by the District Court who initially and incorrectly stated that the statute of limitations expired on April 30, 1998. Finally, in *Alexander v. Cockrell*, 294 F.3d at 629-630, the Fifth Circuit concluded that the District Court had

not abused its discretion by applying equitable tolling to a late-filed habeas corpus application where the Fifth Circuit's prior decision might have given the petitioner the "mistaken impression" that a subsequently filed habeas application would be timely.

Here, McCullough has not asserted any rare or exceptional circumstances that would warrant equitable tolling. Unlike the defendant in *Patterson,* McCullough had no reason to believe that the statute of limitations for filing his federal application for writ of habeas corpus would expire on August 27, 2005. In addition, the record shows that sufficient time existed following the denial of McCullough's first state application for writ of habeas corpus for McCullough to file a timely § 2254 application. McCullough, instead, waited over a year from the date his first state application for writ of habeas corpus was denied to file a second state application for writ of habeas corpus. Such a delay evidences a lack of diligence, and makes equitable tolling unavailable.

### IV.     **Conclusion and Order**

Based on the foregoing and the conclusion that McCullough's § 2254 application is not timely under 28 U.S.C. § 2244(d) and that neither an extension of the limitation period nor equitable tolling is warranted, the Court

ORDERS that Respondent's Motion to Dismiss as Time Barred (Document No. 13) is GRANTED, Petitioner Michael Dwyer McCullough's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this § 2254 proceeding is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d) as time-barred. It is further

ORDERED that Petitioner's Motion for Entry of Default (Document No. 16) is DENIED. It is further

ORDERED that a Certificate of Appealability is DENIED. A Certificate of Appealability

from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a Certificate of Appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth herein, the Court determines that reasonable jurists would not find, if debatable, either the limitation ruling or the conclusion that equitable tolling does not apply. Therefore, a Certificate of Appealability will not issue.

Signed at Houston, Texas, this 30th day of June, 2006.

Frances H. Stacy
United States Magistrate Judge